IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| TEAMSTERS LOCAL 677 HEALTH SERVICES & INSURANCE PLAN, on behalf of itself and all others similarly situated, | * * * * * | |
| Plaintiff, | * * | |
| v. | * * | Civil Action No. CCB-18-3868 |
| HOWARD E. FRIEDMAN, *et al.*, | * * | |
| Defendants, | * * | *Removed From* Circuit Court of Maryland for Baltimore County |
| and | * * | *Removed Case No.*: 03-c-18-12119 |
| SINCLAIR BROADCAST GROUP, INC., | * * | |
| Nominal Defendant. | * * | |
| * * * * * * * * * * * * * * | | |

## MEMORANDUM

This case originated in the Circuit Court of Maryland for Baltimore County. Defendant Martin R. Leader ("Leader") filed a Notice of Removal, asserting diversity jurisdiction in this court pursuant to § 28 U.S.C. 1332(a). Now pending before the court is plaintiff Teamsters Local 677 Health Services & Insurance Plan's ("Teamsters") motion to remand. For the reasons stated below, the court will grant the motion.

### FACTUAL AND PROCEDURAL HISTORY

On December 6, 2018, Teamsters filed a shareholder derivative complaint in the Circuit Court of Maryland for Baltimore County. (Shareholder Derivative Complaint ("Compl."), Notice of Removal Ex. A, ECF No. 1-2). Teamsters named the Board of Directors[1] and Chief Executive

---

[1] The Board of Directors includes defendants Howard E. Friedman, Daniel C. Keith, Martin R. Leader, Lawrence E. McCanna, David D. Smith, Frederick G. Smith, J. Duncan Smith, and Robert E. Smith.

1

Officer of Sinclair Broadcast Group, Inc. ("Individual Defendants") as defendants. Teamsters filed the derivative suit on behalf of nominal defendant Sinclair Broadcast Group, Inc. ("Sinclair"), alleging that the Individual Defendants breached fiduciary duties owed to Sinclair and its stockholders. Specifically, Teamsters alleges that during an attempted merger with Tribune Media Co. ("Tribune"), the Individual Defendants engaged in a scheme to flout Federal Communications Commission ("FCC") ownership rules and antitrust regulations. (Compl. ¶¶ 4–6).[2] As a result of the alleged scheme, the proposed merger was the subject of an FCC hearing, and Tribune ultimately withdrew. (Compl. ¶ 8–9). Tribune also filed a lawsuit with the Delaware Chancery Court, seeking $1 billion in damages for alleged breaches of the merger agreement. (Compl. ¶ 10). Teamsters claims that the financial fallout from the attempted Tribune merger has irreparably harmed Sinclair's shareholders. (Compl. ¶ 11).

The Clerk of the Circuit Court of Maryland for Baltimore County issued summonses for Sinclair and the Individual Defendants on December 11, 2018. (Writs of Summons, Notice of Removal Ex. C at 8–27, ECF No. 1-4). On December 14, 2018, before Teamsters had served process on Sinclair or the Individual Defendants, defendant Leader filed a notice of removal in this court. (Notice of Removal, ECF No. 1). Leader claims that this court properly has diversity jurisdiction over the action, as Teamsters is a Connecticut citizen, Leader is a Florida citizen, defendant Daniel C. Keith is a South Carolina citizen, and Sinclair and the remaining Individual Defendants are Maryland citizens, but had not yet been served. (Notice of Removal ¶¶ 5–8).[3,4]

On December 20, 2018, Teamsters filed a motion to remand to state court.[5] The motion

---

[2] The specifics of the alleged scheme are contained in the derivative complaint. As the exact nature of the allegations are not necessary to the resolution of this motion, the court will not recite them here.
[3] Leader also notes that Teamsters "seeks unspecified damages that will exceed $75,000," thus satisfying the amount-in-controversy requirement for diversity jurisdiction. (Notice of Removal ¶ 9).
[4] According to the defendants, Leader was mistakenly identified as a citizen of Virginia in the Complaint and Notice of Removal. (Def.'s Opp. to Pl.'s Mot. to Remand at 2 n.2, ECF No 27-1).
[5] This case was transferred to the undersigned judge on August 6, 2019.

2

has been fully briefed and no oral argument is necessary. *See* Local Rule 105.6 (D. Md. 2018).

## STANDARD OF REVIEW

A defendant sued in state court may remove the action to federal district court only if the district court would have had original jurisdiction over the action. 28 U.S.C. § 1441(a). Federal district courts generally have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000," and is between "citizens of different States." 28 U.S.C. § 1332(a)(1).

The removal of a case from state to federal court "raises significant federalism concerns." *Mulcahey v. Columbia Organic Chems. Co., Inc.*, 29 F.3d 148, 151 (4th Cir. 1994). In crafting removal statutes, Congress has set a "clear intention to restrict removal and to resolve all doubts about the propriety of removal in favor of retained state court jurisdiction." *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993). Accordingly, removal jurisdiction is "strictly construe[d]." *Mulcahey*, 29 F.3d at 151. The party removing the case bears the burden of establishing the court's jurisdiction. *Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010).

## ANALYSIS

"[O]ne of the principal purposes of diversity jurisdiction was to give a citizen of one state access to an unbiased court to protect him from parochialism if he was forced into litigation in another state in which he was a stranger and of which his opponent was a citizen." *Ziady v. Curley*, 396 F.2d 873, 875 (4th Cir. 1968). Accordingly, under the so-called "forum defendant rule," an otherwise-removable diversity case "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). The forum defendant rule recognizes that there is no need to protect out-of-state defendants from local prejudice "where the defendant is a citizen of the state

3

in which the case is brought." *Lively v. Wild Oats Markets*, Inc., 456 F.3d 933, 940 (9th Cir. 2006); *see also Morris v. Nuzzo*, 718 F.3d 660, 665 (7th Cir. 2013).

Teamsters argues that this case should be remanded to state court because its presence in federal court violates the forum defendant rule, as Sinclair and six of the eight Individual Defendants are citizens of Maryland. Leader counters that the forum defendant rule prohibits removal only "if any of the parties in interest *properly joined and served* as defendants" are citizens of the forum state. 28 U.S.C. § 1441(b)(2) (emphasis added). Leader removed the case to federal court before he or any other defendant had been served; under the plain language of § 1441(b)(2), he argues, the forum defendant rule does not apply.

Federal courts are divided on whether the forum defendant rule prohibits pre-service removal.[6] *See, e.g., Phillips Constr., LLC v. Daniels Law Firm, PLLC*, 93 F. Supp. 3d 544, 550 (S.D.W.Va. 2015) ("There is a broad and growing divide among the district courts as to whether the forum-defendant rule bars pre-service removal based on diversity jurisdiction.").[7] The Fourth Circuit has not addressed the issue, but the Second and Third Circuits have embraced a literal reading of § 1441(b)(2) that permits pre-service removal. *See Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 707 (2d Cir. 2019); *Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147, 154 (3d Cir. 2018). The Eleventh Circuit, however, has stated that a literal reading of §

---

[6] The practice is also sometimes called "snap removal." *See Breitweiser v. Chesapeake Energy Corp.*, No. 3:15-CV-2043-B, 2015 WL 6322625, at *2 (N.D. Tex. Oct. 20, 2015); *see also* Valerie M. Nannery, *Closing the Snap Removal Loophole*, 86 U. Cin. L. Rev. 541, 544 (2018); Arthur Hellman et al., *Neutralizing the Stratagem of "Snap Removal": A Proposed Amendment to the Judicial Code*, 9 Fed. Cts. L. Rev. 103, 104 (2016).

[7] The overwhelming majority of decisional law related to pre-service removal comes from the district courts, as a district court's grant of a motion to remand is largely unreviewable. *See* 28 U.S.C. § 1447(d) ("An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1442 or 1443 of this title shall be reviewable by appeal or otherwise.")

1441(b)(2) rule belies its purpose of preventing gamesmanship. *See Goodwin v. Reynolds*, 757 F.3d 1216, 1221 (11th Cir. 2014).[8]

The nationwide divide over pre-service removal is also reflected in this District. Some judges in this District have applied the plain language of § 1441(b)(2) to permit pre-service removal by either a forum defendant or an out-of-state defendant joined with a forum defendant. *See Al-Ameri v. Johns Hopkins Hosp.*, Civ. No. GLR–15–1163, 2015 U.S. Dist. LEXIS 174300 (D. Md. June 24, 2015) (denying a motion to remand by applying the plain language of § 1441(b)(2)); *Robertson v. Iuliano*, No. CIV.A. RDB 10-1319, 2011 WL 453618, at *3 (D. Md. Feb. 4, 2011) (same); *Clawson v. FedEx Ground Package Sys., Inc.*, 451 F. Supp. 2d 731, 735–36 (D. Md. 2006) (same). Other judges in this District, however, have found that applying the plain language of § 1441(b)(2) encourages gamesmanship by defendants and tends to create absurd results. *See Alfasigma USA, Inc. v. Exegi Pharma, LLC et al.*, No. CV TDC-19-1180, ECF No. 26 at 6–7 (D. Md. Oct. 15, 2019) (describing the defendant's pre-service removal as "an artificial filing aimed at exploiting a perceived technicality"); *Medish v. Johns Hopkins Health Sys. Corp.*, 272 F. Supp. 3d 719, 726 (D. Md. 2017) (finding that pre-service removal allows defendants "to take advantage of a loophole in the forum defendant rule and thereby avoid their own state's forum"); *Caillouet v. Annapolis Yacht Co. LLC*, No. CV ELH-16-1698, 2016 WL 8737484, at *7 (D. Md. Aug. 5, 2016) (describing pre-service removal as "docket trolling" and "an end run around the predicates for removal based on diversity jurisdiction");

---

[8] As the *Goodwin* court was not directly presented with the question of whether the forum defendant rule prohibits pre-service removal, its criticism of a literal interpretation is dictum. 757 F.3d at 1220–21. Nevertheless, district courts in the Eleventh Circuit have subsequently cited *Goodwin* for the proposition that the forum defendant rule requires remand when a defendant has effectuated pre-service removal. *See Bowman v. PHH Mortg. Corp.*, No. 2:19-CV-00831-AKK, 2019 WL 5080943, at *5 (N.D. Ala. Oct. 10, 2019); *Timbercreek Asset Mgmt., Inc. v. De Guardiola*, No. 9:19-CV-80062, 2019 WL 947279, at *2 (S.D. Fla. Feb. 27, 2019) (granting motion for remand); *Delaughder v. Colonial Pipeline Co.*, 360 F. Supp. 3d 1372, 1380 (N.D. Ga. 2018) (same). *But see Francis v. Great W. Cas. Co.*, No. 5:17-CV-432 (MTT), 2018 WL 999679, at *2 (M.D. Ga. Feb. 21, 2018) (denying motion for remand by applying literal language of § 1441(b)(2)).

5

*Reimold v. Gokaslan*, 110 F. Supp. 3d 641, 643 (D. Md. 2015) (holding that applying the plain language of § 1441(b)(2) would lead to an "absurd[]" result); *Oxendine v. Merck & Co.*, 236 F. Supp. 2d 517, 526 (D. Md. 2002) (noting that "removability cannot rationally turn on the timing or sequence of service of process.").

The purpose of the "properly joined and served" language in § 1441(b)(2) "is to prevent a plaintiff from blocking removal by joining as a defendant a resident party against whom [the plaintiff] does not intend to proceed, and whom [the plaintiff] does not even serve." *Goodwin*, 757 F.3d at 1221 (quoting *Sullivan v. Novartis Pharm. Corp.*, 575 F. Supp. 2d 640, 644 (D.N.J. 2008)) (internal quotation marks omitted). In this case, there is no suggestion that Teamsters added the Maryland defendants to their lawsuit to prevent removal to federal court. Indeed, most of the defendants—including the company at the heart of this lawsuit—are Maryland citizens. The pre-service removal here, however, evidences gamesmanship by the defendants. Leader removed this case to federal court just five days after Teamsters filed its complaint and three days after summonses were issued. Teamsters asserts that it received the state court summonses only one day before Leader removed the case, leaving it "no opportunity . . . to have served any Defendant, let alone all of them, before Defendant Leader removed the action." (Pl.'s Mot. for Remand at 5, ECF No. 6-1). This timing suggests that Leader removed the case to federal court intending to exploit an apparent loophole in the forum defendant rule, thus avoiding adjudication in Maryland state court. The court cannot read § 1441(b)(2) to prohibit gamesmanship by plaintiffs while simultaneously encouraging it by defendants. Such a reading of the forum defendant rule defies common sense and leads to an absurd result contrary to the purpose of the statute.

While acknowledging the contrary authority cited above, the court finds itself in agreement with the recent decisions on pre-service removal by Judges Bredar and Chuang from this District. In *Medish*, Judge Bredar explained how, taken to its logical end, a literal reading of § 1441(b)(2) would render the forum defendant rule meaningless:

> [S]o long as defendants stay on top of the docket, the forum defendant rule [if read literally,] would have no effect in practice. Out-of-state plaintiffs could effectively be precluded from suing defendants in the defendants' home state courts. The propriety of retaining a case in federal court jurisdiction cannot hinge on something as irrelevant to the purpose of the forum defendant rule as winning a race.

*Medish*, 272 F. Supp. 3d at 726–27. In *Alfasigma*, Judge Chuang similarly observed:

> [U]nder Defendants' interpretation, the purpose of the forum defendant rule—to prevent removal when one of the proper defendants is a citizen of the forum state—would be entirely thwarted, because with the prevalence of the practice of attorneys tracking case filings electronically, the laws of physics would dictate that a diligent out-of-state defendant can receive notice of a lawsuit and file a notice of removal before the forum defendant could actually be served with process under any of the authorized means.

*Alfasigma*, No. CV TDC-19-1180, ECF No. 26 at 6. Further, a literal reading of the statute, which effectively rewards docket monitoring and the ability to take swift legal action, privileges sophisticated litigants over those perhaps unfamiliar with the peculiarities of federal jurisdiction. Such an embedded preference cannot have been the goal of Congress when drafting § 1441(b)(2).

A functional interpretation of § 1441(b)(2) better promotes its purpose of preventing gamesmanship. *See Medish*, 272 F. Supp. 3d at 726 (citing *Caillouet*, 2016 WL 8737484 at *6–7). Mindful of its responsibility to "resolve all doubts about the propriety of removal in favor of retained state court jurisdiction," *Marshall*, 6 F.3d at 229, the court concludes that where, as here, a defendant files a notice of removal before the plaintiff has a reasonable opportunity to

effectuate service of process, and the forum defendants were not added to prevent removal, the forum defendant rule precludes removal to federal court.

## CONCLUSION

For the foregoing reasons, the court will grant Teamsters' motion to remand. A separate order follows.

10/23/19
Date

CCB

Catherine C. Blake
United States District Judge